**The STATE of Ohio, Appellant,**

v.

**RILEY et al., Appellees.**

[Cite as *State v. Riley,* 162 Ohio App.3d 730, 2005-Ohio-4337.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

Nos. CA2004–09–021, CA2004–09–022 and CA2004–09–023.

Decided Aug. 22, 2005.

</div>

Thomas F. Grennan, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellant.

Douglas E. McIlwain, for appellee James C. Riley.

Robert F. Benintendi, for appellee James O. Riley.

David E. Grimes, for appellee Wanda Riley.

POWELL, Presiding Judge.

{¶ 1} The state of Ohio appeals the decision of the Brown County Court of Common Pleas to grant motions to dismiss for failure to provide a speedy trial filed by defendants-appellees, James C. Riley, James O. Riley, and Wanda Riley.[1] We reverse.

{¶ 2} On October 9, 2002, appellees and Steve Ayers, another defendant not a party to this appeal, were indicted for felony theft in violation of R.C. 2913.03(A). Appellees were served with the indictments on October 15, 2002. Initially, all three appellees were represented by attorney Nicholas Ring. Defendant Ayers was represented by attorney Michael P. Kelly.

{¶ 3} On October 16, Kelly filed a demand for discovery and a request for a bill of particulars. On November 20, 2002, Ring also filed a demand for discovery and a request for a bill of particulars. The record reveals that on February 21, 2003, the state filed discovery in its case against defendant Ayers.

{¶ 4} On March 5, 2003, the state filed a motion to join all four defendants. A hearing on the motion to join was scheduled for May 22, 2003. On the day of the hearing, Ring requested a continuance, which was granted until June 13, 2003. Additionally, because a conflict of interest arose, attorney David Grimes was appointed as counsel for appellee Wanda Riley. On May 27, 2003, again because of a conflict of interest, attorney Douglas McIlwain was appointed as counsel for appellee James C. Riley.

{¶ 5} On May 29, 2003, Grimes filed a demand for discovery on behalf of appellee Wanda Riley and on June 2, 2003, a request for a bill of particulars.

{¶ 6} Ring, now representing only James O. Riley, filed a second request to continue the hearing on the motion to join on June 6, 2003. On June 10, 2003, Grimes also filed a motion to continue the joinder hearing, and on June 12, 2003, McIlwain, as well, moved to continue the hearing on the state's motion to join. On June 23, 2003, the trial court granted a continuance until August 22, 2003.

---

1. We have sua sponte removed this case from the accelerated calendar.

{¶ 7} On August 15, 2003, Kelly filed a motion for a continuance on the motion to join on behalf of defendant Ayers, and the court again continued the hearing until November 25, 2003.

{¶ 8} A hearing on the state's motion to join all four defendants took place on November 25, 2003. All three appellees with their respective counsel were present, as well as defendant Ayers, now represented by attorney Denise Barone.

{¶ 9} At the hearing, along with arguments concerning the motion to join, a discussion concerning discovery transpired. Ring stated that the state had already provided him discovery and the bill of particulars he had requested on November 20, 2002. Grimes stated that he had not yet been provided with the discovery he requested on May 29, 2002. Barone said that she had not yet received discovery on behalf of defendant Ayers, though she had filed her request only that day. McIlwain did not say whether he had as yet received discovery.

{¶ 10} The court then informed the state that all parties would need to receive discovery. In response, the state stated that it was not aware that the attorneys initially involved in the cases had not provided the new attorneys with discovery. The state also stated that it would provide discovery to all new counsel.

{¶ 11} At the conclusion of the hearing, the court granted the motion to join.[2] In addition, all parties agreed that another pretrial hearing would need to be held after discovery was provided. The court then asked each attorney if, on behalf of their clients, they would be willing to waive speedy-trial time until the next pretrial. Each counsel separately agreed orally, on the record in open court, to do so.

{¶ 12} On December 8, 2003, the state formally filed discovery in its case against appellee James C. Riley, and on December 9, 2003, in its cases against appellees Wanda and James O. Riley.

{¶ 13} The next pretrial hearing was not held until July 14, 2004. All parties and their respective counsel were present at the hearing except appellee James C. Riley and his counsel, McIlwain. At the hearing, August 30, 2004, was chosen as the date to begin the trial. On August 27 to 30, 2004, appellees moved to dismiss for violations of their speedy-trial rights. A hearing was held, and on August 31, 2004, the trial court granted the motions. This appeal followed, in which the state raises the following single assignment of error:

{¶ 14} "The trial court erred by granting the defendants' motions to dismiss."

{¶ 15} In its sole assignment of error, the state argues that the trial court erred when it found that appellees' speedy-trial rights were violated.

---

2. An entry reflecting the court's decision from the bench to grant the motion to join was not journalized until July 29, 2004.

{¶ 16} The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution, *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, and by Section 10, Article I of the Ohio Constitution.

{¶ 17} The Ohio General Assembly, in an effort to prescribe "reasonable speedy trial periods consistent with these constitutional provisions," enacted R.C. 2945.71 et seq. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 8, 516 N.E.2d 218. The speedy-trial statutory provisions constitute a rational effort to enforce the constitutional right to a speedy trial and must be strictly enforced by the courts. *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus.

{¶ 18} R.C. 2945.71(C)(2) states that a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." The time to bring a defendant to trial can be extended, however, for any of the reasons enumerated in R.C. 2945.72, including any period of delay "necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). In *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus, the court held that "[a] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)."

{¶ 19} When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71. *State v. DePue* (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745. Additionally, our review involves a mixed question of law and fact. We must defer to the trial court's findings of fact if supported by competent, credible evidence, but we independently review whether the trial court properly applied the law to those facts. *State v. High* (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176.

{¶ 20} Turning to the case at bar, speedy-trial time began to run on October 15, 2002, the day appellees were served with indictments. See *State v. Collins* (1997), 118 Ohio App.3d 73, 691 N.E.2d 1109. Appellees James O. and Wanda Riley filed motions to dismiss for speedy-trial violations on August 27, 2004, 682 days after service of the indictments. Appellee James C. Riley filed a similar motion on August 30, 2004, 685 days after service of the indictments.

{¶ 21} In granting appellees' motions to dismiss, the trial court calculated time as follows: 36 days were charged to the state from October 15, 2002, the day the indictments were served, to November 20, 2002. On November 20, 2002, Ring, who at the time represented all three appellees, filed a request for discovery. From November 20, 2002, until November 25, 2003, a total of 370 days, the trial court tolled speedy-trial time pursuant to the discovery request.

{¶ 22} The time from November 25, 2003 until August 27, 2004, a total of 276 days, the court charged to the state. Totaling the 36 days and the 276 days charged to the state, the trial court concluded that the state exceeded the 270-day statutory time for bringing appellees to trial. Consequently, the court found, appellees' speedy-trial rights were violated.

{¶ 23} The state argues that appellees, through counsel, orally waived time on the record at the November 25, 2003 hearing until the next pretrial held on July 14, 2004; therefore, the state contends, the trial court should have tolled the 232 days that passed during that time period. In rejecting this argument, the trial court concluded that the oral waivers were never journalized and that an unjournalized time waiver, even one made on the record in open court, is not valid. We find that the trial court erred in reaching this conclusion.

■■ {¶ 24} An accused, or his counsel, may waive both the statutory and constitutional rights to a speedy trial. *O'Brien*, 34 Ohio St.3d at 9, 516 N.E.2d 218. For such a waiver to be effective, it "must be [either] expressed in writing *or made in open court on the record.*" (Emphasis added.) *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, paragraph one of the syllabus. Pursuant to *O'Brien* and *King*, the time waiver made by counsel for appellees on the record in open court at the November 25, 2003 hearing was valid. Accordingly, the trial court should have tolled speedy-trial time from that hearing until the pretrial held on July 14, 2004.

{¶ 25} Appellees argue that even if the time waiver made at the November 25, 2003 hearing was valid, the trial court nevertheless properly ruled to dismiss because the state's response time on their discovery requests was unreasonable. Relying on *State v. Benge* (Apr. 24, 2000), Butler App. No. CA99–05–095, 2000 WL 485524, appellees argue that speedy-trial time is tolled for a discovery request only when the state's discovery response time is reasonable.

{¶ 26} The trial court declined to make a definitive ruling on whether and for how long time was tolled because of appellees' discovery requests. Rather, the court concluded that even if it tolled time for the entire period from November 20, 2002, the date attorney Ring filed his discovery request, until November 25, 2003, the state was still out of time because of its finding that the 276 days from the November 25, 2003 hearing until August 27, 2004, was not tolled.

■ {¶ 27} As appellees note, we held in *Benge* that the state's response to a discovery request must be made within a reasonable time. However, we also held in *Benge* that "[u]nless a defendant protects his right to discovery and a speedy trial by seeking to compel discovery, he may not later complain that a discovery delay deprived him of a speedy trial. If the defendant does not seek to compel discovery, he is acquiescing in the state's failure to comply."

{¶ 28} Appellees made no objections concerning discovery at the November 25, 2003 hearing, nor at any other time. They did not move to compel discovery; nor did they, pursuant to Crim.R. 16(E), request the court to prohibit the state from introducing evidence it failed to timely disclose. According to the record on appeal, the first and only time appellees objected to the state's timeliness in providing discovery was on August 27, 2004, the day they filed their motions to dismiss. Consequently, we find that appellees acquiesced in the state's failure to provide discovery in a timely manner.

{¶ 29} Furthermore, we do not find that the state's discovery response time in this case was unreasonable. In *State v. Jones* (Oct. 21, 1996), Warren App. No. CA95–12–122, 1996 WL 599428, we found four and one-half months to be a reasonable response time for a discovery request. In *State v. Barnett,* Fayette App. No. CA2002–06–011, 2003-Ohio-2014, 2003 WL 1906768, we found six months to be a reasonable response time for a discovery request. Even if we grant the state only three months to respond to appellees' discovery requests in this case, we still find that the August 30, 2004 trial date falls within the 270–day statutory limit.

{¶ 30} Beginning from October 15, 2002, the date appellees were served with the indictments, and running speedy-trial time until November 20, 2002, 36 days are charged to the state. Allowing three months for the state to respond to Ring's discovery request on November 20 tolls time until February 20, 2003. From February 20 until May 22, 2003, the day Ring filed a motion for a continuance on behalf of all three appellees, 91 days are charged to the state.

{¶ 31} The continuance at the request of appellees lasted until August 22, 2003. From August 22, 2003 until the hearing on the state's motion to join held on November 25, 2003, 95 days are charged to the state. Because of the oral waiver at the November 25 hearing, time is again tolled until the pretrial hearing held on July 14, 2004.

{¶ 32} Adding the 36, 91, and 95 days charged to the state, a total of 222 days ran against speedy-trial time from October 15, 2002 until July 14, 2004. From July 14, 2004, until August 30, 2004, the date appellees' trial was scheduled to begin, another 47 days would have been charged to the state. Adding 47 days to the 222 days brings the speedy-trial time to 269 days, a total that is within the 270–day statutory limit. Thus, for this and all the foregoing reasons, we find that the trial court erred in concluding that appellees' statutory right to be brought to trial within 270 days was violated.

{¶ 33} Appellees contend, nevertheless, that even if their statutory right to a speedy trial was not violated, the state violated their constitutional right to a speedy trial.

{¶ 34} In *O'Brien*, the court held that "although the statutory and constitutional speedy trial provisions are coextensive, the constitutional guarantees may be found to be broader than speedy trial statutes in some circumstances." Id., 34 Ohio St.3d at 9, 516 N.E.2d 218. "[T]here may be situations wherein the statutes do not adequately afford the protection guaranteed by the federal and state constitutions, in which case it is our duty to see that an accused receives the protection of the higher authority." Id., quoting *State v. Ladd* (1978), 56 Ohio St.2d 197, 201, 10 O.O.3d 363, 383 N.E.2d 579.

{¶ 35} In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the U.S. Supreme Court set out a balancing test to determine whether a defendant has been deprived of his constitutional right to a speedy trial. The factors to be weighed are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant caused by the delay.

{¶ 36} The length of the delay in this case weighs in favor of appellees. six hundred eighty-five days elapsed from October 15, 2002, the date the indictments were served, to August 30, 2004, the date the trial was scheduled to begin.

{¶ 37} The delay was caused, in part, by appellees' numerous requests for continuances. Additionally, only James O. Riley retained the same counsel throughout the proceedings. Appellees James C. and Wanda Riley, and defendant Ayers all substituted new counsel, which in turn caused the state to have the added burden of providing extra copies of all discovery. Furthermore, the record indicates that the facts underlying the charges in this case are complex, requiring additional time to compile.

{¶ 38} On the other hand, the delay also appears to be due, in part, to the state's lack of diligence and concern over prosecuting this matter. On balance, however, we find that the reason for the delay weighs in favor of the state.

{¶ 39} Appellees' failure to assert their right is a factor that also weighs in favor of the state. As discussed above, appellees made no attempt to compel discovery. After waiving time at the November 25, 2003 hearing until the next pretrial hearing, they also did not make any attempt on the record to schedule a hearing prior to July 14, 2004. Considered as a whole, the record seems to indicate that appellees were not at all interested in a speedy trial until they filed their motions to dismiss.

{¶ 40} Finally, the record does not reveal, and appellees have failed to show, that they suffered any prejudice because of the delay. Balancing the lack of demonstrated prejudice and the remaining factors together, we conclude that appellees' constitutional right to a speedy trial was not violated.

{¶ 41} In sum, neither appellees' statutory right to a speedy trial nor their constitutional right to a speedy trial was violated in this case. Accordingly, appellant's assignment of error is sustained. The judgment of the trial court is reversed, and we remand to the trial court for further proceedings according to law and consistent with this opinion.

Judgment accordingly.

YOUNG and BRESSLER, JJ., concur.