OPINION
{¶ 1} Defendant-appellant Joey L. Burnett appeals his conviction and sentence for one count of burglary, a felony of the second degree, in violation of R.C. § 2911.12(A)(2). On April 9, 2007, Burnett pled no contest to the charge. The trial court accepted his plea and sentenced Burnett to two (2) years imprisonment with credit for time served. Burnett filed a timely notice *Page 2 
of appeal with this Court on April 12, 2007.
 I {¶ 2} The instant matter arose on November 6, 2006, when Burnett was arrested for burglary. Approximately one month later, on December 8, 2006, Burnett was charged by indictment for one count of burglary, a felony of the second degree, in violation of R.C. § 2911.12(A)(2).
 {¶ 3} Burnett was arraigned on December 12 2006, stood mute, and the trial court entered a not guilty plea on his behalf. On January 4, 2007, the trial court set a trial date of January 29, 2007. However, in an order filed on January 25, 2007, the court vacated the trial date and reset the matter for trial on April 9, 2007. The order stated that, "since the Dooley [aggravated murder] case will proceed the week of January 29, 2007, the next available viable date for the trial of this case, given the court's crowded docket and two (2) other aggravated murder cases shortly after Dooley, is April 9, 2007."
 {¶ 4} Burnett filed a motion to dismiss pursuant to R.C. § 2945.71, due to failure to bring him to trial within ninety (90) days on March 3, 2007. On March 27, 2007, the trial court overruled Burnett's motion to dismiss. The trial court stated that due to its crowded docket, it was necessary to set Burnett's trial date beyond speedy trial mandates.
 {¶ 5} Immediately prior to his trial on April 9, 2007, Burnett renewed his motion to dismiss on speedy trial grounds. The court overruled his motion again, and Burnett chose to enter a no contest plea to the burglary charge. The trial court sentenced him to two (2) years imprisonment and gave him credit for time already served.
 {¶ 6} It is from this judgment which Burnett now appeals. *Page 3 
 II {¶ 7} Burnett's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN SUA SPONTE CONTINUING THE TRIAL DATE TO A DATE APPROXIMATELY TWO [2] MONTHS BEYOND THE 90-DAY TIME LIMIT IMPOSED BY R.C. 2945.71, AND IN OVERRULING APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS "
 {¶ 9} In his sole assignment, Burnett contends that the trial court erred when it overruled his motion to dismiss pursuant to R.C. §2945.71, due to failure to bring him to trial within ninety (90) days on March 3, 2007. Burnett asserts that although the trial court noted docket congestion and three pending murder cases as a basis for the continuance of his trial, the court did not provide details of the dates of the latter two murder trials, "nor did the court make specific reference to any other conflicts necessitating" the delay. Burnett argues that the trial court did not adequately demonstrate on the record that the delay was reasonable under the circumstances. Thus, the continuance of the trial was in violation of R.C. § 2945.71, and the trial court erred in overruling Burnett's motion to dismiss.
 {¶ 10} At the outset, we note that the standard for reviewing claims of speedy trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." See, e.g., State v. Humphrey, Clark App. No. 2002 CA 30, 2003-Ohio-3401, ¶ 21, citations omitted. Moreover, "[a]n abuse of discretion means more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., citing Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, *Page 4 
87, 482 N.E.2d 1248.
 {¶ 11} "The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution * * * and by Section 10, Article I of the Ohio Constitution." State v. Riley (2005), 162 Ohio App.3d 730, 735,834 N.E.2d 887, 2005-Ohio-4337. The Ohio General Assembly enacted the provisions in R.C. § 2945.71 et seq. in an effort to prescribe "reasonably speedy trial periods consistent with these constitutional provisions." State v. O'Brien (1987), 34 Ohio St.3d 7, 8,516 N.E.2d 218. "The speedy trial provisions constitute a rational effort to enforce the constitutional right to a speedy trial and must be strictly enforced by the courts." State v. Pachay (1980), 64 Ohio St.2d 218,416 N.E.2d 589, syllabus.
 {¶ 12} R.C. § 2945.71(C)(2) states that defendant charged with a felony "[s]hall be brought to trial within two hundred seventy [270] days after the person's arrest." "For purposes of computing time under divisions * * *(C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. § 2945.71(E). The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. § 2945.72, including "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," and "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. §§ 2945.72(E) (H).
 {¶ 13} In the instant case, Burnett was arrested on November 6, 2006, and charged with a felony of the second degree. He untimely pled no contest to the charge *Page 5 
on April 9, 2007. Pursuant to R.C. § 2945.71(C)(2) (E), Burnett, who was incarcerated during the pendency of this matter, had to be brought to trial within 90 days of his arrest. Thus, Burnett was required to be brought to trial no later than February 4, 2007. As Burnett correctly points out in his brief, the trial court exceeded by sixty-four (64) days the statutory 90-day time imposed by R.C. § 2945.71 by continuing the trial to April 9, 2007.
 {¶ 14} The Supreme Court of Ohio has stated that "when sua sponte granting a continuance under R.C. 2945.71(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71."State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. The Supreme Court has further stated that:
 {¶ 15} "The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes." State v. Lee (1976), 48 Ohio St.2d 208, 209,357 N.E.2d 1095.
 {¶ 16} We must conclude that the trial court did not abuse its discretion when it overruled Burnett's motion to dismiss pursuant to R.C. § 2945.71, due to failure to bring him to trial within ninety (90) days of his arrest. Unlike the standard entry used by the trial court inState v. Wentworth (1978), 54 Ohio St.2d 171, 375 N.E.2d 424, the court in the instant case specifically enumerated its reasons for continuing Burnett's *Page 6 
trial beyond the speedy trial deadline. In particular, the trial court stated that "since the Dooley case will proceed the week of January 29, 2007, the next available viable date for the trial of this case, given the court's crowded docket and two (2) other aggravated murder cases shortly after Dooley, is April 9, 2007." We caution the trial court that although the record before us in this case does not establish error, in the future it would be wise to specify the number of days that major trials are expected to last, as well as the availability of a visiting judge and/or priority week. Thus, we find that the trial court, pursuant to R.C. § 2945.71(H), affirmatively demonstrated on the record that the delay was clearly reasonable.
 III {¶ 17} Burnett's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P.J. and BROGAN, J., concur. *Page 1