[Cite as *State v. Gordon*, 2011-Ohio-1227.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00132 |
|  | : |  |
|  | : |  |
| TERRENCE LEE GORDON | : | O P I N I O N |

Defendant-Appellant

CHARACTER OF PROCEEDING:          Criminal Appeal from Stark County
                                                            Court of Common Pleas Case No.
                                                            2009CR1576

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:          March 14, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                           BERNARD L. HUNT
Prosecuting Attorney                         2395 McGinty Road, N.W.
Stark County, Ohio                            North Canton, Ohio  44720

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Ste. #510
Canton, Ohio  44702-1413

*Edwards, P.J.*

{¶1}  Defendant-appellant, Terrence Gordon, appeals from the April 20, 2010, Judgment Entry of the Stark County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On September 23, 2009, appellant was charged with one count of aggravated burglary in Canton Municipal Court Case No. 2009CRA04740.  On September 25, 2009, appellant was charged with two counts of aggravated robbery in Canton Municipal Court Case No. 2009CRA04786. One of the robberies was alleged to have occurred on August 26, 2009 and the other on September 4, 2009. Both involved the same Mini-Mart store in Canton.  Appellant was arrested in both cases on September 26, 2009. Thereafter, on October 5, 2009, appellant was bound over from Canton Municipal Court.  Appellant was held in lieu of cash or bond.[1]

{¶3}  The Stark County Grand Jury, on November 2, 2009, indicted appellant on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1), also a felony of the first degree. At his arraignment on November 6, 2009, appellant entered a plea of not guilty to the charges in the indictment.

{¶4}  Thereafter, on November 25, 2009, appellant filed a Motion for Separate Trials, asking that the two counts of aggravated robbery be tried first. On December 9, 2009, appellant filed a Motion to Suppress Identification Evidence. A suppression hearing was scheduled for January 11, 2010.

---

[1] The bond in Case No. 2009CRA04786 was set at $100,000.00 cash or surety.  The bond in Case No. 2009CRA04740 was set at $50,000.00 cash or surety.

{¶5}   As memorialized in a Judgment Entry filed on December 16, 2009, the trial court overruled appellant's Motion for Separate Trials. However, pursuant to a Judgment Entry filed on December 31, 2009, the trial court granted such motion and ordered that the two counts of aggravated robbery be tried first. The suppression hearing was later rescheduled to January 19, 2010.

{¶6}   Via a Judgment Entry filed on January 27, 2010, the trial court overruled appellant's Motion to Suppress.

{¶7}   A hearing was held before the trial court on February 19, 2010, on appellee's motion for a continuance of the trial date.   Appellee had requested a continuance in order to obtain the DNA of appellant's twin who allegedly looks exactly like appellant.   As memorialized in a Judgment Entry filed on March 2, 2010, the trial court granted such motion.   The trial court, in its Judgment Entry, scheduled the trial on the two counts of aggravated robbery for April 1, 2010, and the trial on the count of aggravated burglary for April 27, 2010.

{¶8}   Appellant, on March 31, 2010, filed a Motion to Dismiss for Speedy Trial Violations.   In order to give appellee time to respond to the same and in order to accommodate appellant's request for a hearing on the Motion to Dismiss, the trial court, pursuant to a Judgment Entry filed on March 31, 2010, continued the trial on the aggravated robbery counts until April 8, 2010. The trial court also scheduled an oral hearing on the Motion to Dismiss for April 7, 2010.   Appellee filed a response to appellant's Motion to Dismiss on April 6, 2010.

{¶9}   On April 9, 2010, appellant was found guilty of both counts of aggravated robbery.

{¶10} Pursuant to a Judgment Entry filed on April 15, 2010, the trial court overruled appellant's Motion to Dismiss on Speedy Trial Grounds. As memorialized in a Judgment Entry filed on April 20, 2010, appellant was sentenced to an aggregate prison sentence of fifteen (15) years on the two counts of aggravated robbery.

{¶11} Subsequently, on April 21, 2010, appellant entered a plea of guilty to one count of aggravated burglary as charged in the remaining count in the indictment. Pursuant to a Judgment Entry filed on April 27, 2010, appellant was sentenced to three (3) years in prison. The trial court ordered that such sentence run concurrently to the sentence previously imposed on April 8, 2010.

{¶12} Appellant now raises the following assignment of error on appeal:

{¶13} "THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE DEFENDANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS."

I

{¶14} Appellant, in his sole assignment of error, argues that the trial court erred in overruling appellant's Motion to Dismiss for Speedy Trial Violations.  We disagree.

{¶15} An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. To determine whether an accused's right to a speedy trial has been violated, the United States Supreme Court has devised a balancing test that requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶16} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 *et seq.* applies to defendants generally. R.C. 2945.71 provides:

{¶17} "(C) A person against whom a charge of felony is pending:

{¶18} "(1) * * *

{¶19} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

{¶20} "(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

{¶21} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail *on the pending charge* shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section." (Emphasis added).

{¶22} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* Richland App. No.2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

**{¶23}** When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706, 709, the court reiterated its prior admonition "to strictly construe the speedy trial statutes against the state."

**{¶24}** The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72.

**{¶25}** "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19.

**{¶26}** Appellant, in the case sub judice, argues that he was entitled to the triple count provisions of R.C. 2945.71(E) from the date of his arrest on September 26, 2009, because he was held in jail in lieu of cash or bond on the pending charge. Appellant argues that he had to be brought to trial within ninety (90) days of his arrest on September 26, 2009, unless such time was extended by delays chargeable to the defense. In his motion before the trial court, appellant specifically argued, in relevant part, as follows:

**{¶27}** "Counsel bases his calculation on the fact that sixty (60) days had elapsed from arrest until filing of a motion for separate trial (9/26 – 11/25/2009). This time period is clearly chargeable to the state. The second of Defendant's two pretrial motions, the motion to suppress, was decided on January 27, 2010 when the Court filed its entry denying the motion. At this point, time began to run again because no defense motions were pending that would act as a tolling event. With a total of ninety (90) days in which

to bring the Defendant to trial, the state had thirty (30) days remaining from January 27, 2010 when Defendant's motion to suppress was overruled.    This would place Defendant's try-by date as February 26, 2010."  As is stated above, the trial did not take place until April 8, 2010.

{¶28}  As noted by the court in *State v. Moore,* Cuyahoga App. No. 91464, 2010-Ohio-509, "R.C. 2945.71(E) explains that each day a defendant is held in jail in lieu of bail shall be counted as three; however, this provision applies only when a defendant is held *solely* on the pending charges in a case. *State v. Kaiser* (1978), 56 Ohio St.2d 29, 381 N.E.2d 633, paragraph two of the syllabus. See, also, *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, at ¶ 35 ("[b]ecause Dankworth was arrested for numerous unrelated charges, he was not held in jail in lieu of bail on a single 'pending charge.' To the contrary, Dankworth was held in jail in lieu of bail on several unrelated charges. * * * Under the circumstances presented, the fact that he was arrested on the same date for each of the unrelated criminal incidents is inconsequential.") Id at paragraph 45.

{¶29}  In *Dankworth*, supra, the Court of Appeals stated, in relevant part, as follows: "Dankworth's July 20 arrest was not related to a single criminal incident that resulted in multiple charges. Rather, Dankworth had engaged in four unrelated acts of criminal conduct, involving at least three separate victims, on four separate dates: forgery on July 17, 2005, theft of a firearm on July 12, 2005, violation of a protective order and burglary on July 18, 2005, and violation of a protective order and arson on July 20, 2005. The state filed separate complaints, and the municipal court imposed separate cash bonds for each of the offenses. Because Dankworth was arrested for

numerous unrelated charges, he was not held in jail in lieu of bail on a single "pending charge." To the contrary, Dankworth was held in jail in lieu of bail on several unrelated charges. Accord *State v. Johnson,* Cuyahoga App. Nos. 81692 and 81693, 2003-Ohio-3241, 2003 WL 21419631, ¶ 15-17. Under the circumstances presented, the fact that he was arrested on the same date for each of the unrelated criminal incidents is inconsequential. "Id at paragraph 35.

{¶30} In the case sub judice, appellant was arrested on September 26, 2009 on two separate Municipal Court cases. The one case alleged one count of aggravated burglary, and the other case alleged two counts of aggravated robbery. The aggravated robberies occurred on two different dates, although the victim and the location were the same. The burglary occurred on a completely different date than either of the aggravated robbery counts and was at a different location and involved a different victim. There were different bonds on each of the two Municipal Court cases. In short, pursuant to *Dankworth*, because appellant was arrested for numerous unrelated charges, he was not held in lieu of bond on a single ""pending charge" and therefore was not entitled to the triple count provisions of R.C. 2945.71(E) from the date of his arrest on September 26, 2009, until the indictment was filed on November 2, 2009.

{¶31} Appellant, in his brief, cites to *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. However, we find that such case is distinguishable. In *Parker,* the appellee was arrested on November 6, 2002, in connection with the discovery of a methamphetamine lab. As a result of his arrest, Parker was incarcerated and three separate complaints were filed in the Ashtabula Municipal Court, charging Parker with illegal manufacture of drugs, possession of drugs and carrying a concealed

weapon. The *Parker* court concluded that the triple-count provision applied to the three charges, despite the fact that Parker was arraigned on three separate complaints. The court held that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." *Parker* at ¶ 21. The court noted: "[T]he charges at the time of the complaints could have proceeded together in one jurisdiction. Parker had no control over the decision to refer only the drug charges to the grand jury. The state cannot reasonably argue that it has a mechanism at its disposal whereby after bringing both misdemeanor and felony charges based on a single criminal incident, and retaining the misdemeanor as a pending action in municipal court, it can obviate any triple-count concerns." Id. at ¶ 24.

{¶32} In contrast to *Parker*, appellant's arrest was not related to a single criminal incident that resulted in multiple charges. Rather, appellant was arrested based on three different criminal incidents that occurred on different dates. Appellant, therefore, was not entitled to apply the triple count provision to all of the charges from the time of his arrest to the time the indictment was filed.

{¶33} However, once an indictment including all of the charges was filed, appellant was entitled to the triple count provision of R.C. 2945.71(E). See *Dankworth*, supra at paragraph 37. As is stated above, an indictment was filed in this case on November 2, 2009, that included all three charges. Thereafter, on November 25, 2009, appellant filed a Motion for Separate Trials. Both parties did not dispute that the motion

acted as a tolling event and that the triple count provision did not apply. See, for example, *State v. Knight*, Greene App. No. 03-CA-014, 2005-Ohio- 3179.

**{¶34}** On December 9, 2009, appellant filed a Motion to Suppress. The speedy-trial period was tolled during the time defendant's motion to suppress was pending. R.C. 2945.72(E).

**{¶35}** On December 31, 2009, the trial court granted appellant's motion for separate trials.[2] As is stated above, pursuant to a Judgment Entry filed on January 27, 2010, the trial court overruled appellant's Motion to Suppress. At this point, the time began to run again after having been tolled from November 25, 2009 to January 27, 2010. Appellant then filed his motion to dismiss on March 31, 2010.

**{¶36}** Based on the foregoing, we concur with appellee that appellant's speedy trial time should be calculated as follows:

**{¶37}**

| "Dates | Days | Single/Triple | Days | Total |
|---|---|---|---|---|
| 9/26/09 to 11/2/09[3] | 37 | Single | 37 | 37 |

Gordon arrested in Canton Municipal case Nos. 2009-CRA-04740 and 2009-CRA-04789 until charges consolidated into one indictment

| 11/2/2009 TO 11/25/2009 | 23 | Triple | 69 | 106 |
|---|---|---|---|---|

From indictment until Gordon's motion for separate trials.

| 11/25/2009 to 1/27/10 | 0 | Tolled | 0 | 106 |
|---|---|---|---|---|

Gordon's motions for separate trials and his Motion to suppress are pending and time is tolled.

| 1/27/2010 to 3/31/2010 | 63 | Single | 63 | 169 |
|---|---|---|---|---|

Motion to suppress overruled January 27, 2010. Gordon granted severance and separate trial on December 31, 2010.

---

[2] In *Sate v. DeLeon*, Montgomery App. No. 18114, 2002-Ohio-3286, the court held that the time for bringing an accused to trial does not begin anew after the severance of the indictment. Id. at 4.

[3] 'The day of arrest does not count against the state for the purposes of speedy trial calculation. *State v. Stamps* (1988), 127 Ohio App.3d 219, 223, 712 N.E.2d 762, 764.'

<u>3/31/2010</u>             0       Tolled       0       169
Gordon filed his motion to dismiss"

{¶38} Thus, as of March 31, 2010, the date appellant filed his Motion to Dismiss, only 169 of the 270 days within which to bring him to trial had passed. Appellant's trial was held on April 8, 2010. Thus, appellant was timely tried.

{¶39} Based on the foregoing, we find that the trial court did not err in overruling appellant's Motion to Dismiss for Speedy Trial Violations.

{¶40} Appellant's sole assignment of error is, therefore, overruled.

{¶41} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Edwards, P.J.

Farmer, J. and

Wise, J. concur

_____

_____

_____

                        JUDGES

JAE/d1203

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRENCE LEE GORDON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00132 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES