THE STATE OF OHIO, APPELLEE, v. DAVIS, APPELLANT.

[Cite as State v. Davis (1976), 46 Ohio St. 2d 444.]

(No. 75-902—Decided June 23, 1976.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

Mr. *James R. Hartke,* for appellant.

CORRIGAN, J.

## I.

At the outset, it should be noted that we are in agreement with that portion of the decision of the Court of Appeals holding that the appellant's constitutional right to a speedy trial under the Sixth Amendment was not violated.

In *Barker* v. *Wingo, supra* (407 U. S. 514), the United States Supreme Court found no infringement of a defendant's Sixth Amendment rights, where he had not been brought to trial for more than five years after his arrest. The facts in that case indicated that the delay occurred as a result of a series of continuances secured by the prosecution, which were not objected to by the defendant, for three and one-half years. After the defendant objected, a delay of one and one-half years intervened before trial and conviction. In holding that the defendant's Sixth Amendment rights were not violated, the court adopted an "*ad hoc* balancing test." The court pointed out that the Sixth Amendment right to a speedy trial is a more vague concept than other procedural rights. The court felt that it was impossible to determine with precision when the right has been denied. Additionally, the amorphous quality of the right, the court stated, leads to the unsatisfactorily severe remedy of dismissal of the indictment but, considering the nature of the right, the only possible remedy.

The balancing test adopted by the court depends upon the circumstances of each particular case. The court, at page 530, identified four factors which courts should assess in determining whether a defendant has been deprived of his rights: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The court stated that it regarded none of the four factors as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial, but,

rather, as related factors which must be considered together with such other circumstances as may be relevant. In *Moore* v. *Arizona, supra* (414 U. S. 25), a later decision, the court held that an affirmative showing of prejudice to a defendant was not essential.

In the present case, the appellant's trial occurred within 105 days of his arrest, not an overly-long period of time. The record indicates that the trial court assigned the May 30th trial date as a matter of convenience, because it understood that both the prosecution and the defense counsel were available on that date, and defense counsel agreed to it. The record also indicates that, if the appellant's motion to dismiss were overruled, the appellant's counsel desired an additional delay to locate alibi witnesses. This fact clearly indicates the lack of prejudice to the appellant from the delay in trial.

We find no violation of the appellant's Sixth Amendment right to a speedy trial under the circumstances established by this record.

## II.

The relationship between the constitutional right to a speedy trial and the various procedural rules providing for temporal limits within which an accused must be tried was recognized in *Barker, supra*. There, the court, while finding that there was no constitutional basis for quantifying the right to a speedy trial into a certain number of days, did not restrict the freedom of the states to prescribe a reasonable period consistent with constitutional standards.

A problem in this case arises from the fact that the appellant's trial date was set to commence 105 days after the appellant's arrest and beyond the 90-day time limit required by R. C. 2945.71(C)(2) in felony cases where the accused is held in lieu of bail.

R. C. 2945.73(B) states:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharg-

ed if he is not brought to trial within the time required by Sections 2945.71 and 2945.72 of the Revised Code.''

This court has held that the provisions of R. C. 2945.71 and 2945.73, implementing Section 10 of Article I of Ohio's Constitution, relating to the guarantee of an accused's right to a speedy public trial, are mandatory and must be strictly complied with by the state. *State* v. *Gray* (1964), 1 Ohio St. 2d 21; *State* v. *Cross* (1971), 26 Ohio St. 2d 270; *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104.

R. C. 2945.72 provides for certain statutory extensions of the times prescribed for hearing or trial. In pertinent part, it reads:

''The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

''* * *

''(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.''

The appellee in this case urged before the Court of Common Pleas that R. C. 2945.72(H) was applicable to extend the trial date in the present case and, therefore, the trial court had discretion to continue the case.

Two judges of the Court of Appeals based their majority decision upon a determination that the agreement to the May 30th trial date by appellant's counsel constituted an extension on the appellant's own motion. The court stated that, while the record did not disclose at whose initiative the trial date was fixed, ''* * * the statute ought not to be so literally read that subsection (H) of R. C. 2945.72 is held to require a motion to be drafted, initiated, and/or presented by the defendant himself before it may be said to be his 'own motion.' '' The Court of Appeals held accordingly that the extension of the trial date became the appellant's own motion by adoption or agreement.

This court, too, is of the opinion that the trial court was in error in determining that it had no discretion in this

matter but to dismiss the case and discharge the appellant.

We are inclined to agree with Judge Keefe's concurring opinion that the extended trial date constitutes "* * * the period of any reasonable continuance granted other than upon the accused's own motion," under the second clause of R. C. 2945.72(H).

The record in the present case indicates that appellant's counsel assented to the May 30th trial date but made no affirmative motion to continue the cause. The statutory demands of a speedy trial, under R. C. 2945.72(H), only require that such continuance be reasonable.

The trial court in the instant case stated as its reason for dismissal that it had no discretion in the matter, pursuant to R. C. 2945.71, but to discharge the appellant. Clearly, under R. C. 2945.71, 2945.72 and 2945.73, the trial court did have discretion to continue the period for trial beyond the statutory limit, and insofar as the Court of Appeals reversed the judgment of the trial court and remanded the cause to the trial court for further proceedings, we affirm.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.