OPINION
Defendant-appellant, Anthony W. Carroll, appeals the judgment of the Franklin County Municipal Court, whereby appellant was convicted of one count of telecommunications harassment and one count of menacing.
On October 27, 1999, John Wallace filed two complaints against appellant, alleging that appellant committed the offenses of telecommunications harassment, in violation of R.C. 2917.21(B), and menacing, in violation of R.C. 2903.22. The charges allegedly arose out of an October 22, 1999 phone conversation between Wallace and appellant. On October 28, 1999, appellant was arrested and held at the Franklin County Jail and was released on bail on November 1, 1999. Appellant's case involving the above charges was ultimately set for trial on January 27, 2000, after the trial court granted a continuance at the request of appellant's trial counsel.
On January 27, 2000, appellant signed a written waiver of his right to a jury trial and entered a no contest plea. As noted above, the trial court found appellant guilty of one count of telecommunications harassment and one count of menacing. Appellant was ordered to pay a fine and placed on probation for two years, with special conditions added to the probation.
Appellant appeals, raising the following:
 THE APPELLANT COMPLAINS AND ALLEGES THAT THE PROCEDURES WERE UNCONSTUTION [SIC] TO CALL THE PLAINTIFF TO ATTEND COURT WHICH IS AGAINST THE 5TH AMENDMENT OF DUE PROCESS.
 THE APPELLANT ALSO COMPLAINS THE TIME LIMIT AND CLAMES [SIC] SELF-INCRIMINATION DUE TO UNFAIR PREJUDICE, CONFUSION OF ISSUES. 5TH AMENDMENT.
 THE APPELLANT WOULD LIKE TO HAVE AN [SIC] MENTAL HEALTH ASSESMENT [SIC] AND CLAMES [SIC] NOT TO BEING COMPENTENT [SIC] TO SIGNING JURY WAVER [SIC] AND PLEA ON 1-27-00. THE CASE SHOULD BE REMANDED AND CORRECTED THE ERRORS COMPLAINED HEREIN. [Appellant's Notice of Appeal.]
App.R. 16(A)(3) requires an appellant to include in his or her brief a "statement of the assignments of error presented for review." The brief must also contain an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).
In this case, appellant has not presented his assignments of error in a clear manner and, technically, did not comply with App.R. 16(A)(3). As well, appellant did not comply with App.R. 16(A)(7) because he failed to include the required arguments, legal citations and references to the record. We have authority to disregard any error neither assigned nor argued in compliance with App.R. 16. App.R. 12(A)(2); Franklin Cty.Dist. Bd. of Health v. Sturgill (Dec. 14, 1999), Franklin App. No. 99AP-362, unreported. However, in the interests of justice, we will attempt to discern and consider what error appellant assigns on appeal.
We first discern that appellant claims his right to a speedy trial was violated. However, we disagree with this claim. Both the United States and Ohio Constitutions guarantee a defendant the right to a speedy trial in all criminal prosecutions. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution; see, also,State v. MacDonald (1976), 48 Ohio St.2d 66, 68 (recognizing that the state and federal constitutional guarantees to a speedy trial are identical). Ohio's speedy trial statute, R.C. 2945.71, was implemented to incorporate the right to a speedy trial provided for under the federal and state constitutions. Brecksville v. Cook (1996), 75 Ohio St.3d 53,55.
In this case, because appellant waived his right to a jury trial and pled no contest to the charges, the trial court was required to determine his innocence or guilt within the time limits provided in the speedy trial statute. State v. Mintz (1991), 74 Ohio App.3d 62, 69. To determine the time limit in this case, we look to the nature of the offenses to which appellant was charged. R.C. 2945.71(A), (B) and (C).
Where, as here, a defendant is charged with varying levels of offenses, and the offenses arose out of the same act, the speedy trial requirements are established by the provisions governing the highest degree of the offense charged. R.C. 2945.71(D). Applying R.C. 2945.71(D) to this case, we look to the speedy trial provisions governing first-degree misdemeanors.
Under R.C. 2945.71(B)(2), the trial court was to determine appellant's guilt or innocence within ninety days after his arrest. The date of arrest is not counted in calculating the number of speedy trial days that have elapsed. State v. McCornell (1993), 91 Ohio App.3d 141, 145. As well, each day that appellant was held in jail in lieu of bail counts as three days. R.C. 2945.71(E); State v. Parsley (1993), 82 Ohio App.3d 567,571 (holding that, "[w]here more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the `pending charge' for purposes of R.C.2945.71[E].") Here, appellant was arrested on October 28, 1999, and was not released on bail until November 1, 1999. Thus, under the calculations specified in the speedy trial statute, the trial court was required to have determined appellant's guilt or innocence by January 20, 2000.
However, the time period may be extended by the period of any continuance granted on the defendant's own motion. R.C. 2945.72(H). On December 20, 1999, appellant, through his attorney, requested a continuance of the trial date until January 27, 2000. This continuance tolled the speedy trial statute. State v. Davis (1976), 46 Ohio St.2d 444,448; see, also, State v. Parker (May 24, 1990), Franklin App. No. 89AP-1217, unreported (concluding that defense counsel should be given the latitude to bind a defendant to his or her attorney's requested continuance, and rejecting a defendant's contention that the speedy trial statute was not tolled by his attorney's requested continuance because the defendant did not consent to the continuance).
Therefore, the speedy trial statute was tolled from December 20, 1999 to January 27, 2000. As noted above, the trial court found appellant guilty on January 27, 2000. In computing the number of days between appellant's arrest and the date the trial court found him guilty, excluding time tolled and including the days governed by the triple count, we conclude that the trial court found appellant guilty well within the time period prescribed by the speedy trial statute. Accordingly, we conclude that appellant's statutory speedy trial rights were not violated.
Nonetheless, we must still examine whether appellant's federal and state constitutional speedy trial rights were violated. See State v.O'Brien (1987), 34 Ohio St.3d 7, 9 (holding that constitutional speedy trial rights may be broader than the speedy trial rights set forth in the statute). The essence of the constitutional rights to a speedy trial is that a trial may not be unjustifiably delayed. State v. Meeker (1971),26 Ohio St.2d 9, paragraph three of the syllabus. In order to determine whether appellant's constitutional rights have been violated, we must balance four factors: "`Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'"O'Brien, at 10, citing Barker v. Wingo (1972), 407 U.S. 514, 530. In balancing these factors, we consider the totality of the circumstances.Cook, at 59.
In Davis, the Ohio Supreme Court concluded that a defendant's federal and state constitutional rights to a speedy trial were not violated where the trial occurred within one hundred five days of the arrest, and where the delay was agreed to by the defense counsel. Id. at 447. The court reasoned that the one-hundred-five-day time period between the arrest and trial was not an "overly-long period of time." Id. As well, the court stated that appellant was not prejudiced from the delay in trial because his trial counsel wanted an additional delay to locate alibi witnesses.Id.
Here, the trial court determined appellant's guilt within ninety-one days of his arrest, which, as inferred from Davis, is not an "overly-long period of time." As well, we find no prejudice to appellant from the delay that resulted from appellant's request to continue the case to January 27, 2000. Therefore, we conclude that appellant's constitutional speedy trial rights were not violated.
As such, based on the above, we overrule appellant's assignment of error concerning the speedy trial claim.
We next discern appellant's claim that he was not competent to waive his right to a jury trial and to enter a plea of no contest. Again, we disagree with this claim. A defendant is required to provide the portions of the transcript or a statement of proceedings necessary for us to resolve assigned errors. App.R. 9(B) and (C). Without the transcript or statement of evidence, we have nothing to pass upon and are, therefore, compelled to affirm the trial court's judgment. Columbus v.Hodge (1987), 37 Ohio App.3d 68.
Here, appellant failed to provide either a transcript of the January 27, 2000 plea hearing, or a statement of proceedings from the plea hearing. Finding nothing else in the record to support appellant's conclusory allegations, we are compelled to affirm the judgment of the trial court.
Accordingly, we overrule appellant's assignment of error concerning his not being competent to waive his right to a jury trial and to enter a no contest plea.
We overrule all other assignments of error that we are unable to discern. These claims of error have been inarticulately interwoven with the above discernable claims and were neither assigned nor argued in compliance with App.R. 16. As noted above, we have authority to disregard any error neither assigned nor argued in compliance with App.R. 16. App.R. 12(A)(2); Sturgill.
Therefore, based on the above, we affirm the judgment of the Franklin County Municipal Court.
PETREE and LAZARUS, JJ., concur.