[Cite as *State v. Watkins*, 2014-Ohio-177.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-02-017 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 1/21/2014 |
| - vs - | | |
| | : | |
| DARRYL C. WATKINS, JR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28483

David Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Daniel J. O'Brien, 1210 Talbott Tower, 131 North Ludlow Street, Dayton, Ohio 45402, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Darryl C. Watkins, Jr., appeals from his conviction in the Warren County Common Pleas Court for possession of cocaine and trafficking in cocaine following his no contest plea to those charges. For the reasons that follow, we conclude that the trial court erred in overruling appellant's motion to dismiss the charges against him on speedy-trial grounds. Therefore, we reverse appellant's conviction and order him discharged.

{¶ 2} On July 18, 2012, appellant and his passenger, Edward Harwell, were arrested after state troopers discovered 82.4 grams of cocaine in their vehicle. On August 20, 2012, appellant was indicted for trafficking in cocaine and possession of cocaine. On September 18, 2012, appellant entered a not guilty plea and filed a motion to suppress and a motion for discovery. The motion to suppress was scheduled for hearing on October 5, 2012, and the jury trial, originally scheduled for October 4-5, 2012, was rescheduled for November 1-2, 2012.

{¶ 3} On October 5, 2012, the suppression hearing commenced. The suppression hearing covered the cases of both appellant and Harwell, who were being tried separately. Due to the length of the testimony, the suppression hearing was continued in progress and scheduled to re-convene on November 1, 2012, and the jury trial scheduled for November 1-2, 2012, was canceled. The suppression hearing was concluded on November 1, 2012. At the conclusion of the hearing, the trial court announced that it would deny the motion to suppress. After reconfirming that appellant and Harwell were to be tried separately, the trial court directed appellant's defense counsel and Harwell's defense counsel to go to the court's assignment commissioner to "schedule a final conference and a trial date on each [of their cases] independently." Later that same day (November 1, 2012), the assignment commissioner scheduled appellant's trial for January 31, 2013-February 1, 2013. On November 5, 2012, the trial court issued a formal entry denying appellant's motion to suppress.

{¶ 4} On January 28, 2013, appellant filed a motion to dismiss the charges against him on speedy trial grounds. The trial court denied the motion to dismiss, explaining that it was not able to schedule appellant's trial earlier than January 31, 2013 due to the "pending holidays" and the schedules of the trial court, the prosecutor and defense counsel. The trial court stated that "all of the time in excess of the statutory limits had been occasioned by the

defense[,]" which had filed a motion to suppress and a motion for discovery, and "until the prosecution could respond to both of those motions the matter could not be scheduled for a final trial[.]" The trial court added that the trial was scheduled on January 31, 2013-February 1, 2013 "with the agreement of defense counsel" as both defense counsel's schedule and the trial court's schedule made it "impossible to try [appellant's case] any sooner." Immediately after the trial court overruled his motion to dismiss, appellant changed his plea from not guilty to no contest. The trial court accepted appellant's no contest plea, found him guilty as charged, and sentenced him to three years in prison.

{¶ 5} Appellant now appeals from his conviction, assigning the following as error:

{¶ 6} Assignment of Error No 1:

{¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT OVERRULED APPELLANT'S MOTION TO DISMISS, FILED ON JANUARY 28, 2013, FOR DENIAL OF DEFENDANT'S RIGHT TO SPEEDY TRIAL."

{¶ 8} Assignment of Error No. 2:

{¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT OVERRULED THE APPELLANT'S MOTION TO SUPPRESS WHEN THE OHIO STATE HIGHWAY PATROL ON A WARRANTLESS AND NON-TRAFFIC STOP DETAINED AND SEIZED THE DEFENDANT FOR OVER 100 MINUTES BASED UPON A 'HUNCH' OF THE ARRESTING OFFICER AS ADMITTED BY THE PATROL OFFICER AT THE MOTION TO SUPPRESS HEARING."

{¶ 10} In his first assignment of error, appellant argues the trial court erred in overruling his motion to dismiss the charges against him on speedy trial grounds.

{¶ 11} A criminal defendant has a fundamental right to a speedy trial that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14.

- 3 -

"States have the authority to prescribe reasonable periods in which a trial must be held that are consistent with constitutional requirements." *Id.*, citing *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182 (1972). Ohio has exercised this authority by enacting R.C. 2945.71, "'which designates specific time requirements for the state to bring an accused to trial.'" *Ramey*, quoting *State v. Hughes*, 86 Ohio St.3d 424, 425 (1999).

{¶ 12} R.C. 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within 270 days after his or her arrest. R.C. 2945.71(E) provides that, for purposes of calculating speedy-trial time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." *Ramey*. "The prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by [R.C. 2945.71]." *Id.* A defendant not brought to trial within the relevant time constraints "shall be discharged," R.C. 2945.73(B), and "such discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

{¶ 13} Where an appellant claims his statutory right to a speedy trial has been violated, a court of appeals must compute a "try-by date." *State v. Santini*, 144 Ohio App.3d 396, 402, 2001-Ohio-3313 (7th Dist.2001). The court of appeals must count the days of delay chargeable to either side and determine whether the case was tried within the statutory time limits. *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337 (12th Dist.2005), ¶ 19. Appellate review of speedy-trial issues involves a mixed question of law and fact. *Id.* The appellate court must defer to the trial court's findings of fact if those findings are supported by competent, credible evidence, but the appellate court must independently review whether the trial court properly applied the law to those facts. *Id.*

{¶ 14} In this case, appellant was arrested on July 18, 2012 and remained incarcerated until he entered his no contest plea 194 days later on January 28, 2013. Thus,

it took the state 104 days more than allowed under R.C. 2945.71 to bring appellant to trial on the felony charges for which he was arrested. However, not all of these 104 days are chargeable to the state.

{¶ 15} On September 18, 2012, appellant filed a motion to suppress. The trial court scheduled a hearing on the motion for October 5, 2012 and continued the hearing until November 1, 2012. The trial court announced at the conclusion of the November 1, 2012 hearing that it would deny the motion to suppress, and an entry reflecting the trial court's decision was journalized on November 5, 2012. The 48 days that it took for the trial court to rule on appellant's motion to suppress was reasonable given the issues raised therein, which concerned the constitutionality of the troopers' warrantless search of appellant's vehicle, and thus this 48-day period was chargeable to appellant under R.C. 2945.72(H). *See State v. Baker*, 12th Dist. Fayette No. CA2005-05-017, 2006-Ohio-2516, ¶ 25-26 (the 56 days it took trial court to rule on appellant's motion to suppress was within the 120 days prescribed by Sup.R. 40(A)(3) of the Rules of Superintendence for the Courts of Ohio and was not unreasonable or unjustified by the record).

{¶ 16} From the time of appellant's arrest on July 18, 2012 and the time appellant filed his motion to suppress on September 18, 2012, 62 days of the 90-day period in which the state had to bring appellant to trial under R.C. 2945.71(C)(2) and (E) had expired. Thus, when the speedy trial "clock" was restarted after November 5, 2012, the trial court and the state still had 28 days remaining to bring appellant to trial within the 90-day period. This gave the trial court and the state until December 3, 2012 to begin appellant's trial. Additionally, the trial court was authorized, under R.C. 2945.72(H), to grant, sua sponte, a continuance of the trial date beyond December 3, 2012 if the court entered the order for a continuance and the reasons for it prior to the expiration of the time limit set forth in R.C. 2945.71. *State v. Mincy*, 2 Ohio St.3d 6, syllabus (1982). Moreover, the Ohio Supreme Court has recognized that "an

appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Ramey*, 132 Ohio St.3d at ¶ 33.

{¶ 17} In the present case, the trial court scheduled appellant's trial to begin on January 31, 2013, which was almost three months after the trial court denied appellant's motion to suppress and almost two months after the date on which appellant's trial should have commenced, i.e., December 3, 2013, after taking into account the 48 days it took the trial court to rule on appellant's motion to suppress. In doing so, the trial court essentially granted a sua sponte continuance of the trial. However, the trial court failed to comply with *Mincy* in that it did not enter the order for a continuance and the reasons for it by journal entry prior to the expiration of the speedy-trial time limit set forth in R.C. 2945.71. *Mincy*, 2 Ohio St.3d 6, syllabus.

{¶ 18} The trial court did provide reasons for the continuance when appellant moved to dismiss on speedy trial grounds. The trial court stated that it was not able to schedule appellant's trial until January 31, 2013 because of the "pending holidays" and the schedules of the trial court, the prosecutor and defense counsel and the need to allow the state time to respond to appellant's motion to suppress and motion for discovery. The trial court further stated that "the trial was scheduled with the agreement of defense counsel because of both his schedule and the court's schedule being impossible to try [appellant's case] any sooner[.]" [Sic.] However, the trial court's justifications are inadequate to justify the lengthy delay in bringing appellant to trial.

{¶ 19} Initially, there is no indication in the record that either appellant or his defense counsel waived appellant's right to a speedy trial. A criminal defendant may waive his constitutional and statutory rights to a speedy trial, and "for purposes of trial preparation, a

- 6 -

defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel." *State v. King*, 70 Ohio St.3d 158, 160 (1994); *Baker*, 2006-Ohio-2516 at ¶ 51. However, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *King*, at syllabus, following *State v. O'Brien*, 34 Ohio St.3d 7 (1987), and *Mincy*, 2 Ohio St.3d 6. *See also Baker*. The Ohio Supreme Court has made it clear that an alleged *oral* waiver, which has not been made in open court, will not be effective to waive a defendant's right to a speedy trial. *King* at ¶ 52. Here, there is no evidence in the record that appellant or his counsel ever made an *express, written* waiver of appellant's constitutional or statutory speedy trial rights, and there is no evidence that appellant or his counsel ever waived appellant's constitutional or statutory speedy trial rights *in open court*. *Id.* at ¶ 52.

{¶ 20} R.C. 2945.72(H) provides that the time in which a felony defendant must be brought to preliminary hearing and a trial may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any *reasonable* continuance granted other than upon the accused's own motion." (Emphasis added.) Here, the trial court's continuance of the trial, from November 5, 2012 to January 31, 2013 constituted a substantial delay, yet there is nothing in the record that shows that the delay was reasonable.

{¶ 21} The trial court cited the holidays as one of the justifications for the delay in bringing appellant to trial. However, the trial court would have been closed for the holidays for only five or six days: Thanksgiving Day, the day after Thanksgiving, one-half (or possibly all) day on Christmas Eve, Christmas Day, one-half (or possibly all) day on New Year's Eve, and New Year's Day. Thus, the holidays, standing alone, cannot justify the substantial delay. The trial court also cited, as justification for the delay in bringing appellant to trial, the need to

give the state adequate time to respond to appellant's motion to suppress and motion for discovery. However, this court has already charged appellant with the time it took the trial court to rule on appellant's motion to suppress, but even after doing so, this still leaves nearly two months of the delay unaccounted for. Additionally, neither the trial court nor the state has explained how appellant's motion for discovery justified the delay.

{¶ 22} R.C. 2945.72(H) provides that the time for bringing a defendant to trial can be extended by any continuance granted upon the accused's own motion. The trial court stated that the trial was scheduled for January 31, 2013 "with the agreement of defense counsel" because "both his schedule and the court's schedule * * * [made it] impossible to try [the case] any sooner[.]" However, the trial court failed to state how much of the continuance was attributable to the defense and how much was attributable to itself and the state. The trial court also failed to provide any details as to why it or the prosecutor needed the continuance, which, in turn, prevents this court from determining the reasonableness of the portion of the continuance that was "granted other than upon the accused's own motion[.]" R.C. 2945.72(H).

{¶ 23} Our decision in *Baker*, 12th Dist. Fayette No. CA2005-05-017, 2006-Ohio-2516 at ¶ 29 indicates that conclusory findings, like the ones made by the trial court in this case, are not adequate to satisfy the requirement that the record affirmatively demonstrate the reasonableness of the continuance:

> "The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes." *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 357 N.E.2d 1095. When these requirements are not met, any continuance granted must be charged against the state. *See King*, 70 Ohio St.3d at

162-163, 637 N.E.2d 903, and *Mincy*, 2 Ohio St.3d at 8-9, 441 N.E.2d 571.

Here, the reasonableness of the continuance of the trial from November 5, 2012, the date on which the trial court formally denied appellant's motion to suppress, to January 31, 2013, the date to which the trial was rescheduled, *can be* seriously questioned given both the length of the continuance and the fact that the trial court failed to adequately explain the reasons for it.

**{¶ 24}** The state argues that the delay in bringing appellant to trial that occurred from November 5, 2012 to January 31, 2013 should be charged to appellant under R.C. 2945.72(H). The state points out that, on November 1, 2013, the trial court ordered appellant's counsel to proceed to its assignment commissioner to set the case for trial, and that the assignment commissioner set the case for trial on January 31, 2013. The state asserts that "[t]he only reasonable and logical inference" that can be drawn from these facts is that appellant's defense counsel "followed the [trial] court's order, went to the assignment commissioner, and requested that the trial be set on January 31, 2013. The state further asserts that, even though appellant's trial counsel did not actually draft a continuance motion and the trial court did not journalize an entry granting a continuance, the "request" by defense counsel to have the trial scheduled for January 31, 2013 should be deemed to be a "period of any continuance granted on the accused's own motion," for purposes of R.C. 2945.72(H), since appellant's defense counsel "initiated that trial date." We find this argument unpersuasive.

**{¶ 25}** Contrary to what the state alleges, the record does not show that appellant's defense counsel requested that the trial be continued until January 31, 2013. Instead, the record shows that defense counsel, at most, merely acquiesced in that date. *See Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904 at ¶ 30, discussing *State v. Davis*, 46 Ohio St.2d 444, 449 ("when defense counsel merely acquiesces in a trial date but does not affirmatively lodge

- 9 -

a motion for a continuance, the continuance is entered 'other than upon the accused's own motion' and, under the second clause of R.C. 2945.72[H], must be reasonable"). While it is possible, if not probable, that there were days during the period from November 5, 2012 to January 31, 2013 on which defense counsel would not have been available for trial, the record does not indicate either the number of days on which defense counsel would not have been available for trial or the number of days on which the trial court or the state would not have been available for trial. Under these circumstances, then, the state was required to show that the trial court's continuance of the trial from November 5, 2012 to January 31, 2013 was reasonable. *Ramey*, discussing *Davis*. Therefore, the entire period from November 1, 2012 to January 31, 2013 cannot be charged to appellant, for speedy-trial purposes, as the state contends.

{¶ 26} The state argues, in the alternative, that the entire period between November 5, 2012 and January 28, 2013 is chargeable to appellant under the doctrine of "invited error," which holds that a party is prohibited from taking advantage of an error that he or she invited or induced. *See, e.g., State v. Bey*, 85 Ohio St.3d 487, 493 (1999). Relying on the invited-error doctrine, the state contends that, appellant, through his trial counsel, set the trial date beyond the 90-day statutory time limit, and thus it was appellant who caused the error. Therefore, the state asserts, appellant may not now take advantage of the error. This argument lacks merit.

{¶ 27} As stated above, the record does not show that appellant asked to be tried on January 31, 2013, but instead, that appellant merely acquiesced in that trial date. The trial court failed to provide a sufficient justification for trying appellant outside of the statutory time limit of R.C. 2945.71, and there is nothing in the record that justifies the delay in bringing appellant to trial on the felony drug charges for which he was indicted. Additionally, the state's invited-error argument ignores the principle that it is the responsibility of the trial court

and the state to bring appellant to trial within the statutory time limit of R.C. 2945.71. *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904 at ¶ 14.

{¶ 28} In light of the foregoing, the state violated appellant's statutory right to a speedy trial. Accordingly, appellant's first assignment of error is sustained. Additionally, our ruling on appellant's first assignment of error has rendered his second assignment of error moot. App.R. 12(A)(1)(c).

{¶ 29} The judgment of the trial court is reversed, and appellant is discharged on the felony drug offenses for which he was convicted.

RINGLAND, P.J., and PIPER, J., concur.