[Cite as *S. Euclid v. Schutt*, 2020-Ohio-3661.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SOUTH EUCLID,            :

    Plaintiff-Appellee,            :

                                 No. 108510

    v.                             :

CALEB SCHUTT,                    :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** July 9, 2020

---

Criminal Appeal from the South Euclid Municipal Court
Case No. CRB 1700777

---

### *Appearances:*

Michael P. Lograsso, Law Director, City of South Euclid, and Brian M. Fallon, Assistant Prosecuting Attorney, *for appellee.*

Rick L. Ferrara, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Caleb Schutt, appeals from his conviction following a jury trial in the South Euclid Municipal Court. He raises the following assignments of error for review:

1. Defense counsel rendered ineffective assistance of counsel by failing to move to dismiss for speedy trial violations, failing to demand discovery, failing to object to prejudicial testimony, and failing to object to the police report and complaint as evidence at trial.

2. The trial court denied Schutt's due process rights by making impermissible statements and in allowing impermissible testimony at trial that overcame the presumption of Schutt's innocence.

{¶ 2} After careful review of the record and relevant case law, we find merit to the appeal and vacate Schutt's conviction and sentence.

## I. Procedural and Factual History

{¶ 3} On October 17, 2017, Schutt was issued a ticket and summons, charging him with theft in violation of R.C. 2913.02, a misdemeanor of the first degree. The charge stemmed from allegations that Schutt switched the price tags on an electronic device in a Walmart store "to make [the device] cheaper."

{¶ 4} Following several pretrial hearings and continuances, the matter proceeded to a jury trial on March 8, 2019. At trial, Walmart security employee, Jonathan Moore, testified that on October 17, 2017, he observed Schutt take possession of a GPS device while shopping in the store's electronics department. Schutt then took the device to the toy department, where Moore observed Schutt remove the security wrap from the GPS device and place it on a shelf. Thereafter, Moore witnessed Schutt place a sticker over the Universal Product Code ("UPC") sticker that was located on the GPS device. When Schutt purchased the GPS device at the self-checkout station, he paid $9.00.

{¶ 5} Based on his observations, Moore approached Schutt before he exited the store. Moore testified that he examined the GPS device and confirmed that there was a barcode sticker placed over the item's UPC sticker. When the sticker was removed from the GPS device, it was scanned and it reflected a price of $9.00. However, when the previously covered UPC sticker was scanned, it reflected a purchase price of $119.00. Upon confirming the actual purchase price of the item, Moore escorted Schutt to the store's security office to contact the police. Video footage of the incident was captured by the Walmart security cameras. The video was identified by Moore and was played for the jury.

{¶ 6} Officer Shauna McCann of the South Euclid Police Department testified that she responded to the scene of the reported theft and viewed the surveillance video footage captured by the store. Following her investigation, Officer McCann issued Schutt a citation ticket in lieu of a physical arrest.

{¶ 7} At the close of the city's case, the defense moved for an acquittal of all charges. The trial court denied the motion, and the defense rested without presenting its own witnesses.

{¶ 8} At the conclusion of trial, Schutt was found guilty of the theft offense and was sentence to 180 days in county jail. In addition, he was fined $175, plus costs.

{¶ 9} Schutt now appeals from his conviction and sentence.

## II. Law and Analysis

## A. Ineffective Assistance of Counsel

{¶ 10} In his first assignment of error, Schutt argues defense counsel rendered ineffective assistance of counsel by (1) failing to move to dismiss for speedy trial violations, (2) failing to object to prejudicial testimony, and (3) failing to object to the police report and complaint as evidence.

{¶ 11} To establish a claim of ineffective assistance of counsel, Schutt must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, "the failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel." *State v. Davenport*, 8th Dist. Cuyahoga No. 106143, 2018-Ohio-2933, ¶ 25, citing *Strickland* at 697.

{¶ 12} In Ohio, every properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Counsel's tactical decisions or trial strategy cannot form the basis for a claim of ineffective counsel. *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

## B. Speedy Trial Rights

{¶ 13} Generally, the failure to raise the violation of speedy trial rights in the trial court constitutes a waiver of the defense on appeal. However, a defendant may raise a speedy trial claim in the context of a claim of ineffective assistance of counsel. *Cleveland v. White*, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423, ¶ 7. And in order to demonstrate that counsel provided ineffective assistance of counsel by failing to file a motion to dismiss for speedy trial violations, the defendant must show that the motion would have been successful and the case would likely have been dismissed. *Id.* "Counsel cannot be [ineffective] for failing to file a fruitless motion." *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012-Ohio-4583, ¶ 8.

{¶ 14} A defendant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 100898, 2014-Ohio-4475, ¶ 51, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. Pursuant to its authority to prescribe reasonable periods in which a trial must be held that are consistent with these constitutional requirements, Ohio enacted R.C. 2945.71, which sets forth the specific time requirements within which the state must bring a defendant to trial. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 14.

{¶ 15} R.C. 2945.71(B)(2) provides that a defendant charged with a first-degree misdemeanor must be brought to trial within 90 days after arrest or service of summons. However, speedy trial time may be tolled by either a valid waiver of

the defendant's right to speedy trial or any of the circumstances enumerated in R.C. 2945.72. When an accused waives his or her speedy trial rights, those days for which the accused waives the right do not count toward the state's deadline. *State v. Brown*, 10th Dist. Franklin No. 19AP-40, 2019-Ohio-4753, ¶ 28.

{¶ 16} Regarding tolling, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. These tolling events include:

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * *
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

{¶ 17} Extensions of the speedy trial time limits under R.C. 2945.72 are strictly construed against the state. *State v. Brown*, 2016-Ohio-1453, 63 N.E.3d 509, ¶ 6 (4th Dist.); *see also State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 81 ("Speedy-trial provisions are mandatory, and courts must strictly enforce them."); *State v. Linder*, 8th Dist. Cuyahoga No. 106600, 2018-Ohio-3951, ¶ 80 (when reviewing legal issues presented in a speedy trial claim, the appellate

court must strictly construe the relevant statutes against the state), citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

**{¶ 18}** Once the statutory time limit has expired, the defendant has established a prima facie case for dismissal. *State v. Willis*, 8th Dist. Cuyahoga No. 107070, 2019-Ohio-537, ¶ 25, citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986); *State v. Steele*, 8th Dist. Cuyahoga Nos. 101139 and 101140, 2014-Ohio-5431, ¶ 18. The burden then shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *Id.*

> When reviewing a speedy trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.71. *See, e.g., State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 14-16. If the state has violated a defendant's right to a speedy trial, then, upon motion made at or prior to trial, the defendant "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.73(B).

*State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524, ¶ 19.

**{¶ 19}** In this case, Schutt was served with the summons on October 17, 2017. Accordingly, Schutt's speedy trial time would have expired, if not extended, on January 15, 2018. However, Schutt was not brought to trial until March 8, 2019, well beyond the 90-day speedy trial period. Because Schutt has established a prima facie case for dismissal, we must examine the record to determine whether the speedy trial time was extended.

**{¶ 20}** As stated, Schutt was served with the summons on October 17, 2017. He appeared before the trial court for arraignment on November 9, 2017. At the

arraignment, Schutt knowingly and voluntarily executed a 90-day speedy trial waiver. In addition, Schutt executed an affidavit of indigency and requested appointed counsel, thereby tolling the speedy-trial time until counsel was appointed on January 11, 2018. *See* R.C. 2945.72(C).

{¶ 21} A pretrial hearing was scheduled for January 25, 2018. At the conclusion of the hearing, a second pretrial hearing was scheduled for February 14, 2018. On February 14, 2018, however, Schutt failed to appear at the scheduled hearing. The delay caused by his failure to appear tolled the matter until Schutt came before the court on February 27, 2018. *See* R.C. 2945.72(D). At the conclusion of the February 27, 2018 hearing, a bench trial was scheduled for April 24, 2018.

{¶ 22} Based on Schutt's 90-day speedy trial waiver and the foregoing tolling events, Schutt's trial would have commenced within the applicable speedy trial period had the trial begun on April 24, 2018. However, just before Schutt's bench trial was scheduled to occur, defense counsel filed a demand for a jury trial on April 18, 2018.

{¶ 23} "It is well-accepted that a jury demand in a misdemeanor case tolls the time period in which a defendant must be brought to trial." *State v. Herbst*, 6th Dist. Lucas No. L-03-1238, 2004-Ohio-3157, ¶ 13, citing *Univ. Hts. v. Dachman*, 20 Ohio App.3d 26, 27, 484 N.E.2d 199 (8th Dist.1984); *Parma v. King*, 8th Dist. Cuyahoga Nos. 75185, 75186, 75187, and 75188, 2000 Ohio App. LEXIS 1745 (Apr. 20, 2000). Thus, the matter was tolled until the trial court finally addressed counsel's jury demand on August 28, 2018. On that date, the trial court scheduled

the jury trial to proceed on March 8, 2019 — or 192 days later. Schutt was provided notice of the trial date on October 1, 2018.

{¶ 24} On appeal, the city contends that, including the 90-day waiver and the tolling events attributable to Schutt, "there were still 70 [speedy-trial days] unused" at the time the jury trial date was selected. Thus, the city does not dispute that the trial was scheduled beyond the remaining speedy trial days. Nevertheless, the city argues that because defense counsel agreed to the trial date, Schutt was bound by the extension of the speedy trial time limits "even though the waiver was executed without [Schutt's] consent."

{¶ 25} The Supreme Court of Ohio has recognized that "[w]hen a trial date is set beyond the limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H)." *State v. McRae*, 55 Ohio St.2d 149, 152, 378 N.E.2d 476 (1978). "However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits." *Id.* In such a scenario, "the trial court's exercise of that discretion constitutes a continuance granted other than upon the accused's own motion under the second clause of R.C. 2945.72(H), and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial." *Id.* at 153, citing *State v. Davis*, 46 Ohio St.2d 444, 448-449, 349 N.E.2d 315 (1976); *State v. Lee*, 48 Ohio St.2d 208,

209, 357 N.E.2d 1095 (1976).  "Whether such a continuance is reasonable must be affirmatively demonstrated in some manner in the trial court."  *Id.*

{¶ 26}  "Ideally, when granting a continuance under the second half of R.C. 2945.72(H), 'the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.'"  *Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, at ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus.   Nonetheless, if the trial court imperfectly handles continuances under R.C. 2945.72(H), then the appellate court "may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record."  *Id.* at ¶ 33.

{¶ 27} With respect to the tolling provision R.C. 2945.72(H), the Ohio Supreme Court has held that

> it is difficult, if not unwise, to establish a per se rule of what constitutes "reasonableness" beyond the [time periods set forth in] R.C. 2945.71. Invariably, resolution of whether the reason for which the continuance was granted justifies the actual delay depends on the peculiar facts and circumstances of a particular case.

*State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988).

{¶ 28} Thus, "reasonableness" is examined on a case-by-case basis and "is determined by examining the purpose and length of the continuance, which must be affirmatively demonstrated by the record."   *Willis*, 8th Dist. Cuyahoga No. 107070, 2019-Ohio-537, at ¶ 61, citing *State v. Strauss*, 11th Dist. Portage No. 2010-

P-0035, 2011-Ohio-869, ¶ 13; *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, at ¶ 34. "Whether the reason for which the continuance was granted justifies the actual period of time trial has been delayed beyond speedy trial limits depends on the peculiar facts and circumstances of this particular case." *State v. Chatman*, 3d Dist. Marion No. 9-94-61, 1996 Ohio App. LEXIS 559, 11 (Feb. 13, 1996), citing *Saffell*.

{¶ 29} In this case, the trial court's decision to schedule the trial beyond the applicable speedy trial period constituted a "continuance granted other than upon the accused's own motion" under the second clause of R. C. 2945.72(H). *See McRae*, 55 Ohio St.2d 149, at fn. 4, 378 N.E.2d 476 ("The effect of [*Davis*, 46 Ohio St.2d 444, at 349 N.E.2d 315], is to treat the setting of a trial date as if it were, literally, a continuance."); *see also State v. Vanscoy*, 9th Dist. Summit No. 26964, 2014-Ohio-3482, ¶ 17.

{¶ 30} Nevertheless, while defense counsel acquiesced to the trial date, we find the record does not affirmatively demonstrate that the additional 192-day continuance was reasonable. There is no dispute that Schutt implicitly understood that, by filing a jury demand approximately six months after the service of summons, his trial date might fall outside of the speedy trial timeframe. However, in this case, the trial court did not expressly enumerate any reasons justifying the delay in a journal entry. *See State v. Lewis*, 6th Dist. Wood No. WD-98-014, 1998 Ohio App. LEXIS 3703, 8 (Aug. 14, 1998) ("Because the judgment entry does not express a

reason for any continuance beyond [the speedy trial date] or who requested it, no time can be charged against [defendant].").

{¶ 31} Moreover, given the lack of specificity provided in the docket and accompanying journal entries, we are unable to conclude that the reasonableness of the continuance is otherwise affirmatively demonstrated by the record. In this case, the record provides no insight into the court's decision to schedule the matter for trial in March 2019 — a delay of more than six months. For instance, there is no information in the record to suggest the scheduled trial date was premised on a request by defense counsel,[1] or otherwise necessitated by the court's own docket schedule. The existing record is entirely silent on this issue. In the absence of context and reviewable justification for the excessive delay, this court has no basis to conclude that the purpose and length of the continuance was reasonable. This delay, standing alone, was more than double the applicable speedy trial period.

{¶ 32} Under the foregoing circumstances, we find the trial court's decision to schedule the jury trial beyond the applicable time limits of R.C. 2945.71 did not extend the speedy trial time. Our conclusion is not predicated on the strength of the city's case or the circumstances that may have justified the court's lengthy delay. There certainly may have been scheduling conflicts or other unavoidable factors that may have reasonably necessitated the significant delay. However, as stated by the Ohio Supreme Court, the trial court was required to expressly enumerate the

---

[1] Such a circumstance would have constituted an extension on "the accused's own motion" under the first clause of R.C. 2945.72(H).

reasons justifying the delay or otherwise provide enough information in the record to affirmatively demonstrate the reasonableness of the continuance.

{¶ 33} Construing the speedy trial statutes against the city, we are compelled to find that Schutt has demonstrated that he was prejudiced by defense counsel's failure to file a motion to dismiss on the basis of a statutory speedy-trial violation. Absent a reasonable justification for the extended delay, the matter was not tolled between August 28, 2018 and March 8, 2019. Thus, Schutt was not brought to trial within the applicable 90-day speedy-trial period. *See* R.C. 2945.73(B) ("Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.").

{¶ 34} Schutt's first assignment of error is sustained. The judgment of conviction and sentence of the South Euclid Municipal Court is vacated. The second assignment of error and Schutt's remaining ineffective assistance of counsel claims are rendered moot.

{¶ 35} Judgment vacated. Cause remanded for execution of this court's decision.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
RAYMOND C. HEADEN, J., CONCUR