[Cite as *Cleveland v. Barnes*, 2023-Ohio-1888.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111867 |
| v. | : | |
| REGINALD E. BARNES, SR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** June 8, 2023

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021 CRB 007382

*Appearances:*

Mark Griffin, City of Cleveland Law Director, and Angel
Sanchez, Assistant Prosecuting Attorney, *for appellee.*

Reginald E. Barnes, Sr., *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} Reginald E. Barnes, Sr., ("Barnes"), acting pro se, appeals his convictions for assault and criminal damaging. After reviewing the facts of the case and pertinent law, we reverse the trial court's decision, vacate Barnes's convictions

and sentence, and remand this case to the municipal court with instructions to dismiss the criminal complaint against Barnes.

## I. Facts and Procedural History

{¶ 2} On July 7, 2021, Barnes was charged with assault, a first-degree misdemeanor, and criminal damaging, a second-degree misdemeanor, in the Cleveland Municipal Court for an incident that occurred on June 29, 2021. The next day, the court granted an ex parte criminal protection order prohibiting Barnes from contacting and being within 500 feet of the victim, Barnes's second cousin L.J. and her son R.P. Barnes was arrested for these offenses on August 14, 2021.

{¶ 3} Over the next year, multiple pretrials were held and the court granted no fewer than a dozen continuances. On March 2, 2022, almost seven months after his arrest, the court set Barnes's first trial date for March 16, 2022. Trial did not start on this date, and the court granted several more continuances. On June 16, 2022, Barnes filed a motion to dismiss for speedy-trial violations. The court did not rule on this motion.

{¶ 4} On July 6, 2022, almost 11 months after his arrest, the court held a bench trial and found Barnes guilty as charged. The court held a sentencing hearing on July 21, 2022, and sentenced Barnes as follows:

Assault — $1,000 fine; $990 suspended; "180 days" suspended; and court costs.

Criminal damaging — $750 fine; $710 suspended; "90 days" suspended; and court costs.

**{¶ 5}** At the sentencing hearing, the court asked Barnes if he spent any time in jail. Barnes responded, "Approximately probably 30 days or more." The court gave Barnes "credit" for 30 days and "applied" this credit to his fine and costs, saying, "[S]o you don't owe any money. Cost satisfied. Fine satisfied." The court ordered Barnes to pay $689.42 in restitution for damage to L.J.'s vehicle and sentenced Barnes to five years "active probation," to include the following: substance-abuse assessment and counseling, if recommended; random substance-abuse testing one time per month with the imposition of a "jail sanction" in the event of a positive test; a mental-health evaluation "pending appeal"; anger management; and "no new cases." The court then stated that Barnes's entire sentence "is held in abeyance pending appeal."

**{¶ 6}** It is from these convictions and sentence that Barnes now appeals, raising two assignments of error for our review:

> I.     The trial court made a reversable [sic] error by not bringing me to trial pursuant to the Ohio Revised Code speedy trial statutes when the trial was held over one year from the filing of the criminal complaint.

> II.     The cumulative errors during the course of the criminal litigation resulted in prejudice affecting the outcome and my substantial rights to a fair and impartial trial.

## II. Law

### A. Pro Se Litigants

**{¶ 7}** The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764,

¶ 10, quoting *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5.  "It is well-established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."  (Emphasis sic.)  *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001)

### B.  Speedy Trial

{¶ 8}  "A criminal defendant has a right to a speedy trial under the Ohio Revised Code, the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution."  *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 80.  In the case at hand, we sustain Barnes's first assignment of error, finding that his statutory guarantee to a speedy trial was violated.

#### 1.  Statutory Violation

{¶ 9}  Pursuant to R.C. 2945.71(B)(2), "a person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *."  Furthermore, R.C. 2945.71(E) states that "[f]or purposes of computing time * * *, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

{¶ 10} R.C. 2945.72 lists various circumstances under which an accused's speedy-trial time is tolled.  Pertinent to this appeal, these tolling events include the

following: "(H) The period of any continuance granted on the accused's own motion; and the period of any reasonable continuance granted other than upon the accused's own motion * * *."

### 2. Burden Shifting

{¶ 11} "A defendant presents a prima facie case of a speedy-trial violation by alleging that he or she was not brought to trial within the statutory time limits of R.C. 2945.71." *State v. Thompson*, 2021-Ohio-376, 167 N.E.3d 1072, ¶ 72 (8th Dist.). "At that point a burden of production [arises] whereby the state [becomes] obligated to produce evidence demonstrating [that the defendant] was not entitled to be brought to trial within the limits of" R.C. 2945.71. *State v. Butcher,* 27 Ohio St.3d 28, 31, 50 N.E.2d 1368 (1986).

### 3. Appellate Standard of Review

{¶ 12} "When reviewing a speedy-trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.72." *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 20. An appellate court's standard of review concerning speedy-trial issues involves a mixed question of fact and law. Appellate courts defer "to the trial court's findings of fact, if any, provided the findings are supported by competent, credible evidence in the record." *State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524, ¶ 19. Additionally, we review de novo the legal issue of "whether the trial court properly applied the law to the facts." *Id.* The Ohio Supreme Court has held that courts must

"strictly construe the speedy trial statutes against the state * * *." *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

### III. Analysis

{¶ 13} In the case at hand, the municipal court did not rule on Barnes's motion to dismiss for a speedy-trial violation and did not make any findings of fact. Accordingly, we review de novo whether Barnes's speedy-trial rights were violated.

{¶ 14} Barnes's speedy-trial clock began to run on August 15, 2021, the day after his arrest for the offenses at issue. *See State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 17 ("Generally, when computing how much time has run against the state under R.C. 2945.71, we begin with day after the accused was arrested."). (Emphasis omitted.). Barnes's trial commenced on July 6, 2022. More than 90 days passed between his arrest and his trial. Therefore, Barnes established a prima facie case that his right to a speedy-trial was violated. *See S. Euclid v. Schutt*, 2020-Ohio-3661, 154 N.E.3d 1184, ¶ 18 (8th Dist.) ("Once the statutory time limit has expired, the defendant has established a prima facie case for dismissal.").

{¶ 15} As discussed, the burden then shifted to the city to show that, taking into consideration the tolling events that occurred during the municipal court proceedings, Barnes's speedy-trial rights were not violated. On appeal, the city argues that 78 speedy-trial days elapsed, which is less than the 90 days allotted in R.C. 2945.71(B)(2).

{¶ 16} Using the city's speedy-trial calculation as a baseline, we find that at least two municipal court events that the city categorized as "tolling events" should have counted as speedy-trial days.

{¶ 17} First, on September 1, 2021, the court held a pretrial hearing at which the court sua sponte told Barnes on the record, "Your next court date is exactly one week from today, September the eighth, 8:30, courtroom 15-C." Neither the city nor Barnes requested a continuance. On appeal, the city argues that this seven-day continuance tolled Barnes's speedy-trial time.[1] We disagree.

{¶ 18} Upon review, we find that, on September 1, 2021, the court sua sponte continued Barnes's case to September 8, 2021. Pursuant to R.C. 2945.72(H), speedy-trial time is tolled during "the period of any reasonable continuance granted other than upon the accused's own motion * * *." The Ohio Supreme Court has held that "when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial. *State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571 (1982). *See also State v. Lee,* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976) ("The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose.").

---

[1] That same day, the court issued a journal entry summarily continuing the case until September 8, 2021, and charging this continuance to Barnes. This journal entry is inconsistent with the transcript, which evidences that the court issued a sua sponte continuance.

{¶ 19} The court gave no reason for its sua sponte continuance, and therefore, we find that the municipal court did not show that this seven-day sua sponte continuance was "reasonable" as contemplated by R.C. 2945.72(H). Therefore, it did not toll Barnes's speedy-trial time. Using the city's calculation that 78 speedy-trial days elapsed, we add seven days to this count and find that the running total of elapsed speedy-trial days is 85.

{¶ 20} The second "tolling" event that we review on appeal occurred on October 26, 2021. The court held a pretrial hearing on the record, at which Barnes's counsel stated, "I know that Mr. Barnes wants me to set his case for a jury trial." The court asked the prosecutor, "[D]o you want to set a jury trial date now?" The prosecutor requested another pretrial hearing on November 3, 2021, and said, "[T]hen we can set a jury trial date from there. I just don't want to call the jury and then potentially not have enough witnesses." The court continued the case to November 3, 2021, without setting a trial date.[2]

{¶ 21} Upon review, we find that this continuance was at the city's request, and, under the ambit of R.C. 2945.72(H), it was not reasonable and did not toll Barnes's speedy-trial time. The Ohio Supreme Court has held that when the prosecution fails to use due diligence "to secure and insure the attendance of [a] witness," this "cannot be classified as a '* * * reasonable continuance granted other than upon the accused's own motion.'" *State v. Reeser*, 63 Ohio St.2d 189, 191, 407

---

[2] On October 26, 2021, the court issued a journal entry summarily continuing the case until November 3, 2021, and inconsistently charging this continuance to Barnes.

N.E.2d 25 (1980), quoting R.C. 2945.72(H). *See also Cleveland v. Dancy*, 8th Dist. Cuyahoga No. 107241, 2019-Ohio-2433, ¶ 16 (holding that "the city requested the continuance [because it] was without its witness"; therefore, "the 35 days from November 6 to December 11 are charged against the city for speedy trial purposes").

{¶ 22} In the case at hand, there was no reason not to set a trial date as Barnes requested at the pretrial hearing on October 26, 2021. The city had one witness to secure — Barnes's second cousin, L.J., who was the victim in this case. At the pretrial, the city informed the court that it spoke with L.J. two weeks prior about the case. We cannot say that the city used due diligence to secure this witness by essentially requesting that a trial date not be set yet. Accordingly, we find that the city's request for a continuance from October 26, 2021, to November 3, 2021, should be charged as speedy-trial time under R.C. 2945.72(H).

{¶ 23} Using our previous calculation that 85 speedy-trial days elapsed, we add eight days to this count and find that the running total of elapsed speedy-trial days is 93. This exceeds the statutory limit in R.C. 2945.71 of 90 days. The municipal court did not rule on Barnes's motion to dismiss for a speedy-trial violation, and it is well-settled that "when a court fails to rule on a motion it will be presumed that the court * * * denied said motion." *Univ. Mednet v. Blue Cross & Blue Shield*, 126 Ohio App.3d 219, 236, 710 N.E.2d 279 (8th Dist.1997). Accordingly, we find that the court erred by presumptively denying Barnes's motion to dismiss for a speedy-trial violation. Barnes's first assignment of error is sustained. Pursuant to App.R. 12(A)(1)(c), Barnes's second assignment of error is moot.

{¶ 24} The trial court's judgment is reversed, Barnes's convictions and sentence are vacated, and this case is remanded to the municipal court with instructions to dismiss with prejudice the criminal complaint against Barnes.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR